NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEITH ALLIOTS**, an individual resident of New Jersey, and **ALOIS RUPP, JR.**, an individual resident of New Jersey,<br><br>**Plaintiffs,**<br><br>v.<br><br>**MEAT HOUSE FRANCHISING, LLC**, a New Hampshire Limited Liability Company, **JUSTIN ROSBERG**, an individual resident of New Hampshire, **THOMAS BROWN**, an individual resident of New Hampshire, and **JASON PARENT**, an individual resident of Maine,<br><br>**Defendants.** | Docket No.: 14-cv-1207-WJM-MF<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

     This matter comes before the court upon a Motion by Defendant Thomas Brown to vacate default judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) and to grant leave to file an Answer to the Complaint.  Plaintiffs opposed.  There was no oral argument.  L. Civ. R. 78.1(b).   For the reasons set forth below the Motion is **GRANTED**.

I.   BACKGROUND

   A. Factual Background

Plaintiffs Keith Alliotts and Alois Rupp, Jr. seek the refund of a $200,000 deposit that they invested in a Heat House Franchising Area Development Agreement. Defendant Meat House Franchising, LLC ("MHF"), until March 5, 2014, was a New Hampshire LLC, in which the moving Defendant, Thomas Brown, was a 10% owner. (Declaration of Thomas Brown ("Brown Decl.") at ¶¶ 2, 10). MHF sold franchises in The Meat House, stores that combined the services of an old-fashioned butcher shop with gourmet food and wine. (*Id.* at ¶ 2). As of January 1, 2014, there were 7 company-owned stores and 20 franchise stores in 10 states. (*Id.*).

Defendants Justin Rosberg, Thomas Brown, and Jason Parent were the executive officers of MHF. Between October 2012 and August 2013, Alliots, Rosberg, Brown, and Parent discussed and negotiated a Meat House Franchising Area Development Agreement covering territories in New York and Connecticut. (Compl. at ¶¶ 4-10, 21; Brown Decl. at ¶ 4). In negotiating the Area Development Agreement, Alliots had the assistance of counsel. (Brown Decl. at ¶ 5).

In or about June 27, 2013, Plaintiffs made a $60,000 deposit on an initial Area Development Agreement, and then, shortly thereafter, another $140,000 deposit on an Amended Area Development Agreement. (Compl. at ¶ 21; Brown Decl. at ¶¶ 6-7). The Area Development Agreement stated that the deposits were non-refundable. (Brown Decl. at ¶ 5). Although Plaintiffs put down the deposits, they never returned an executed Area Development Agreement. (Compl. at ¶ 22; Brown Decl. at ¶ 7).

Plaintiffs were disappointed with their investment. They allege that MHF failed to disclose that MHF was teetering on the brink of financial ruin when Plaintiffs were negotiating their Area Development Agreement. (*See* Compl. at ¶ 25). They allege that as MHF foundered financially, it engaged in activities that tarnished the brand's image, including not paying vendors, closing customer support services, declining gift cards, and bouncing payroll checks. (*Id.*). The Complaint also alleges that Defendants concealed the fact that another person was still in control of the Development Area when the Plaintiffs made the deposit. (Compl. at ¶¶ 18, 23). In January 2014, Plaintiffs requested a refund of their deposit from the Defendants, and the Defendants have not returned the deposit. (Compl. at ¶¶ 26-27).

On February 25, 2014, Plaintiffs filed a Complaint with four causes of action: unjust enrichment, fraud in the inducement, and violations of the New York Franchise Sales Act and the New York Consumer Protection Act. (Compl. at ¶¶ 28-85). Each count of the Complaint relies upon allegations that the Defendants misrepresented the financial condition of MHF and the Development Area. (Compl. at ¶¶ 13-18, 23-25).

### B. Brown's Default

On March 6, 2014, Brown was served with the Complaint in this action. ECF No. 6-7). The following day, March 7, 2014, Brown was locked out of his office and removed from his position as an employee of MHF when a lender exercised its rights to seize control of MHF. (Brown Decl. at ¶¶ 9-10). Brown claims that the change in ownership of MHF prevented him from retaining services of counsel, who had successfully defended him in similar actions. (*Id.* at ¶ 10). Although Plaintiffs claim that the Summons stated that Brown had 21 days to file an Answer (Pl's Br. at 2), Brown declares that he mistakenly believed that he had 60 days to answer the Complaint instead of 21. (*Id.* at ¶ 11). On April 7, 2014, the same day default judgment was entered against him, Brown contacted New Jersey counsel, who requested that Plaintiffs agree to a consent order vacating the default judgment to allow the parties to proceed to the merits of the case. (Def's Br. at 7). Plaintiffs refused to agree to the consent order. (*Id.*). On April 25, 2014, Brown filed this Motion, seeking an order vacating default judgment and permission to file his Answer to the Plaintiffs' Complaint.

## II.   JURISDICTION

This court has original jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of New Jersey, and Defendants are citizens of New Hampshire and Maine, and the amount in controversy exceeds $75,000.

## III.   LEGAL STANDARD

Under Rule 60(b), the court may relieve a party from a final judgment for the following, among other reasons: mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. A decision to set aside an entry of default judgment pursuant Federal Rule of Civil Procedure Rule 60(b) is left primarily to the district court's discretion. *See U.S. v. $55,518 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (hereinafter "*U.S. Currency*") (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). This court does not favor entry of

default judgments. *See id.* We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment "so that cases may be decided on the merits." *Id.* (*quoting Tozer*, 189 F.2d at 245); *see also Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

## IV.   DISCUSSION

The success of a motion to vacate default judgment depends on a consideration of the following factors: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced; and (3) whether the default was the result of the defendant's culpable conduct. *See Perry v. Bruns*, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013); *U.S. Currency*, 728 F.2d at 195. This court grants Brown's motion to vacate default judgment because Brown (1) asserts a meritorious defense by alleging that he made no misrepresentations of any fact and that New Hampshire LLC law insulates him from vicarious liability; (2) Plaintiffs will not be prejudiced because evidence will not be altered or affected by the short passage of time, and Plaintiffs assert no other potential prejudice; and (3) Brown's failure to respond to the service was the result of excusable neglect, and the length of the delay did not amount to bad faith. Granting this motion to vacate an entry of default judgment is consistent with the Third Circuit's position that uncertain cases should be decided on the merits. *See e.g.*, *Perry v. Bruns*, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013).

### A. Meritorious Defense

The threshold question in determining to set aside default judgment is whether the defendant has asserted a meritorious defense. *See Currency*, 728 F.2d at 195. This is the critical issue because without a meritorious defense Brown could not win at trial. *See id.* A meritorious defense is established if the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *Perry v. Bruns*, 2013 1285302, at *6 (*quoting Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985) (hereinafter "*Interior*"); *see also U.S. Currency*, 728 F.2d at 196. Defendant's answer must allege specific facts, not merely "simple denials and conclusory statements." *Interior*, 625 F. Supp. at 1239; *U.S. Currency*, 728 F.2d at 196.

This is essentially a fraud case. All the counts of the Complaint rely upon alleged misrepresentations about the financial condition of MHF. Brown has submitted a declaration which, if true, demonstrates that Brown personally made no

misrepresentations about the financial status of MHF or any of its franchises.  If it is true that Brown made no misrepresentations about the financial condition of MHF, then he could not be held liable under any of the counts of the Complaint for his own actions.

Moreover, the New Hampshire Law concerning limited liability companies states that "no member or manager of a limited liability company shall be obligated personally for any such debt, obligation, or liability of a limited liability company solely by reason of being a member or acting as manager of the limited liability company." (Def's Br. at 9) (*citing* N.H.R.S.A. 304-C:23).  This law would thus insulate Brown from vicarious liability for any wrongdoing by MHF.

### B. Prejudice to Plaintiff

"Prejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751 at *4 (D.N.J. Sept. 3, 2013) (*quoting Itche Corp. v. G.E.S. Bakery, Inc.*, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008)).  Plaintiffs do not present any arguments alleging a loss of available evidence, increased potential for fraud, or any other prejudice that would result from vacating default judgment.

### C. Culpable Conduct

"In assessing whether the entry of default was caused by a defendant's culpable conduct, the courts look at factors such as whether the entry of default was caused by defendant or defendant's attorney and whether the defendant responded to the entry of default with reasonable promptness." *Perry v. Bruns*, 2013 WL 1285302, at *7 (D.N.J. Mar. 26, 2013) (*citing Hritz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir. 1984)).  More than mere negligence must be demonstrated; willfulness and bad faith include acts intentionally designed to avoid compliance.  *Id.*

Brown's failure to file an Answer within 21 days does not demonstrate bad faith or willfulness, but rather "excusable neglect" warranting vacating of the default judgment under Rule 60(b)(1).  Excusable neglect is defined as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Jackson Hewitt Inc. v. Semo Tax Services, Inc.*, 2011 WL 6826013 (D.N.J. Dec. 28, 2011).

Here, Brown, no longer employed by MHF, lost the ability to consult with his previous counsel, who had addressed these complaints in the past. After realizing his mistake, Brown sought New Jersey counsel to address the matter. On the day after the entry of default judgment, Brown's counsel sought from Plaintiffs a consent order to vacate the default judgment. Plaintiffs refused. (Def's Br. at 7). He filed this motion only 18 days after the entry of default judgment.

In sum, Brown's actions do not demonstrate culpable conduct, but excusable neglect. The stress of being locked out of his business and losing touch with his usual counsel likely played a large part in Brown overlooking the 21 day deadline for filing an Answer. His contacting new counsel with reasonable promptness also demonstrates a lack of bad faith or culpable conduct. *Cf. Rockwell Transp. Services, Inc. v. Int'l Printing & Envelope Co., Inc.*, 2002 WL 1018928, at *1 (E.D.Pa. May 20, 2002) (deciding that defendant acted with reasonable promptness by responding one month after the entry of default had been entered). Even though the Summons did allegedly indicate that Brown only had 21 days to respond, and even though Brown is a sophisticated businessman, overall, the evidence does not demonstrate a high likelihood of bad faith. The case law requires resolving the uncertainty in favor of vacating default. In the absence of clear evidence that Brown's error was made in bad faith, the court finds that Brown's failure to file an Answer was not the result of culpable conduct.

## V. CONCLUSION

For the foregoing reasons expressed herein, Defendant's Motion to Vacate Entry of Default Judgment is **GRANTED**.

An appropriate order follows.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 14, 2014**